Hawkins J.,
delivered the opinion of the Court.
*116 The plaintiff in error was convicted, at the May-Term, 1866, of the Circuit Court, for -the County of Monroe, of an assault ^ and battery, upon one Wiley Watson, with a whip, having in his possession, at the time, a deadly weapon, with intent to intimidate said Watson, and prevent him from defending himself. The jury fixed the time of his imprisonment, in the penitentiary, at three years.
A new trial was asked for, which was refused, whereupon the Court proceeded to pronounce judgment upon the verdict: to reverse which, an appeal is prosecuted to this Court. The counsel for the plaintiff in error insist that the record is fatally defective, and, therefore, the judgment must be arrested. To this it is answered, by the Attorney General, upon the part of the State, that this Court will not arrest the judgment,' however defective the record may be, inasmuch as the plaintiff in error omitted to enter a motion in arrest, in the Court below. Upon this point, we-have been unable to find any direct authority, and counsel likewise admit that they have been unable to find any, after a thorough examination. But the weight of authority seems to be, at least such seems ,to have been the practice in this State, from its earliest judicial history, down to the present time, that in criminal proceedings, if this Court can see, from an inspection of the record, that it is fatally defective, it will arrest the judgment thereon, although no motion in arrest was entered in the Court below; and it seems to us this rule is well sustained upon principle.
*117 We come now to consider of tbe question, Is the record fatally defective? and we think it is.
The indictment is entitled of the May Term, Circuit Court, A. D., 1865, and is indorsed: “ Wiley Watson, Prosecutor,” also “A true bill — John Minnis, foreman of the grand jury.” But it otherwise wholly fails to show when, where, how, or by whom it .was returned into Court. The record wholly fails .to show where, or by whom, the May Term of the Circuit Court for Monroe County, was holden; and, aside from inferences we may draw from the indictment itself, and the indorsement thereon, it nowhere appears, in this record, that any such Court was, in fact, holden. It does not appear that the indictment was spread upon the minutes of the Court, or that the same was returned into Court by the grand jury. Neither does it appear, that any venire facias had ever been returned into Court, or that any grand jury had been elected, impanneled, sworn or charged, or that John Minnis, or any one else, had been appointed foreman of such grand jury.
But, it is insisted, by the Attorney General, that these defects are all cured by the provisions of sec. 5242 of the Code. We do not think so.
This section of the Code came before this Court, for judicial construction, last Winter, at Nashville, in the case of the State vs. Charles Davidson, a free man of color. See Manuscript opinion, in which the Court said : “We cannot give to a Statute of this character a greater latitude of construction than is warranted by the plain and obvious import of the *118 words of tbe Statute. Did tbe Legislature mean, thereby, that a person who bad been tried, upon tbe merits of bis case, upon a plea of £not guilty,’ and convicted, should not be entitled to a' new trial, or arrest of judgment, because of the existence of all tbe causes enumerated in that section?”
We cannot believe tbe Legislature could have intended "or desired to effect a change so radical in tbe criminal practice of this State, or that tbe language employed in that section, will warrant any such construction. The language is, “He shall not be entitled,” etc., * * “for any of tbe following causes;” and must be construed as though it read, “for any one of tbe following causes.”
This, we believe, to be tbe obvious meaning of the language employed; and, consequently, if more than one of the causes mentioned, exists, and such causes would, but for the provisions of that section, entitle the party to a new trial, or to an arrest of judgment, or to a reversal of the judgment, such party is entitled to the relief, notwithstanding the provisions of that section.”
Applying these principles to the record before us, it is clear that, by well settled rules of criminal practice in this State, the judgment of the Circuit Court must be reversed and arrested.
The prisoner will be remanded to the County of •Monroe, to be proceeded against de novo, or discharged.